UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ILBER LALA, GARFUR QOKU, GAZMEND
QURAKU, ALFONS CELA, EDUART
JAKIMI, and ANDI CELA,

                    Plaintiffs,

              -against-
                                   **ORDER**
                                  16 CV 4915 (CLP)

USA ROOFING COMPANY CORP. and BP
CONTRACTING, INC.,

                    Defendants.
------------------------------------------------------------- X

**POLLAK**, United States Magistrate Judge:

On January 31, 2018, the Court held a telephone status conference in this wage and hour action under the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (See 1/31/2018 Minute Entry, ECF No. 35). The conference was attended by: Austin R. Graff, Esq., defendant's counsel; Bruce E. Menken, Esq.,[1] withdrawing counsel for all six plaintiffs; and Jacob Aronauer, new counsel for plaintiffs Ilber Lala, Garfur Qoku, and Gazmend Quraku.

**A. Rulings from the Conference**

At the hearing, the Court made the following rulings:

1.      Mr. Menken's motion to withdraw as counsel for plaintiffs is granted. Plaintiffs Alfons Cela, Andi Cela, and Eduart Jakimi must write to the Court by February 23, 2018 to

---

[1] Mr. Menken moved to withdraw as attorney for the plaintiffs on November 28, 2017. (See 11/28/2017 Motion to Withdraw, ECF No. 28). The next day, defendant moved to disqualify Mr. Menken from representing any of the plaintiffs due to an unwaivable conflict of interest. (See Def.'s 11/29/2017 Motion to Disqualify, ECF No. 29). On December 7, 2017, the Court held a hearing at which all plaintiffs were present and took the motions under advisement. (See 12/7/2017 Minute Entry and Order, ECF No. 32).

1

advise whether they have retained new counsel or intend to proceed *pro se*. If these three plaintiffs do not retain counsel, they are reminded that "an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." Machadio v. Apfel, 276 F.3d 103, 106 (2d Cir. 2002) (quotation marks and citation omitted). Thus, should these plaintiffs choose to proceed *pro se* each of them must represent himself and will not be allowed to rely on another *pro se* plaintiff to represent him. See id.

2. The attorneys in this matter have scheduled the depositions of plaintiffs Alfons Cela, Andi Cela, and Eduart Jakimi for March 5, 2018. The attorneys shall serve each of these plaintiffs with a notice of deposition listing the time and place of the deposition by February 16, 2018. If the plaintiffs or their new counsel are not available on March 5, 2018, they shall coordinate a new date with existing counsel and, if they cannot agree on a date, they should send the Court a request in writing to resolve the dispute. Failure to attend the depositions scheduled for March 5, 2018 may result in sanctions, up to and including dismissal of plaintiffs' claims.

3. The attorneys in this matter have scheduled the deposition of a representative of the defendant for March 8, 2018 pursuant to Federal Rule of Civil Procedure 30(b)(6). Plaintiffs Alfons Cela, Andi Cela, and Eduart Jakimi or their new counsel may attend the deposition and ask questions of the corporate representative. Plaintiffs' attorney, Jacob Aronauer, Esq., shall serve all parties with a notice of deposition that includes the time and place of the deposition by February 16, 2018. See Fed. R. Civ. P. 30(b)(1).

4. The Court has scheduled a Status Conference for **April 4, 2018 at 4:00 p.m.** in Courtroom 13B South, 225 Cadman Plaza East, Brooklyn, NY 11201. All parties or their attorneys must attend.

**B. Plaintiffs' Obligations**

Plaintiffs have the statutory right to represent themselves in federal court by proceeding *pro se*. See 28 U.S.C. § 1654; Machadio v. Apfel, 276 F.3d at 106. If plaintiffs choose to exercise that right, they should be aware of their obligations as parties to this litigation.

"It is [a] plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with [or without] prejudice as a sanction for his unjustified conduct." West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). It is also incumbent upon a litigant—particularly a plaintiff who seeks to avail himself of the Court's assistance to obtain relief of some sort—to monitor the progress of the case, to check the docket sheet periodically (online, in person, or by phoning the Clerk of the Court), and to seek to move the case forward. The plaintiff is also under an obligation to provide and update his contact information so that the Court can provide him with Orders and other information regarding the action. By filing a lawsuit in federal court, a plaintiff voluntarily assumes such responsibilities. See West v. City of New York, 130 F.R.D. at 524.

If a plaintiff fails to pursue his case or to satisfy his obligations without good reason, his case may be dismissed with or without prejudice. Id. "The law is clear. The district court has the power to dismiss for failure to prosecute, on its own motion." Schenck v. Bear, Stearns & Co., Inc., 583 F.2d 58, 60 (2d Cir. 1978) (citing West v. Gilbert, 361 F.2d 314 (2d Cir.), cert. denied, 385 U.S. 919 (1966)). The authority to dismiss a case *sua sponte* arises from a court's inherent power, and is not limited by Rule 41 of the Federal Rules of Civil Procedure. Link v. Wabash R. Co., 370 U.S. 626 (1962); accord In re World Trade Center Disaster Site Litig., 722 F.3d 483, 487 (2d Cir. 2013).

In light of the consequences that attend the failure to comply with these obligations, the Court takes this opportunity to bring these obligations to the attention of Plaintiffs Alfons Cela,

Andi Cela, and Eduart Jakimi.  **If they choose not to retain a new attorney and decide instead to proceed with this lawsuit without counsel, they will be required to:  1) attend all conferences with the Court; 2) appear for their scheduled depositions (unless Ordered otherwise by this Court); 3) respond to all discovery requests; and 4) comply with all Orders of this Court.  <u>Failure to do any of these things may result in their claims being dismissed</u>.**

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

    **SO ORDERED.**

Dated: Brooklyn, New York
       February 1, 2018

                                      /s/ Cheryl L. Pollak
                                      Cheryl L. Pollak
                                      United States Magistrate Judge
                                      Eastern District of New York